

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2008

# USA v. Ross

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4148

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Ross" (2008). *2008 Decisions.* Paper 991.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/991

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4148
_____

UNITED STATES OF AMERICA

v.

JARROD A. ROSS,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 06-cr-00003-2E)
District Judge: Honorable Sean J. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2008

Before: AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed June 23, 2008)

_____

OPINION

_____

AMBRO, Circuit Judge

Jarrod Ross pled guilty to one count of conspiracy to defraud the United States

under 18 U.S.C. § 371. He received a sentence of 21 months' imprisonment plus a three-

year term of supervised release. On appeal, he raises the sole claim of ineffective assistance of counsel. His counsel asserts that this and all other potential grounds for appeal are frivolous, seeking to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack. Nonetheless, we have held that we may address the claim of ineffective assistance of counsel on direct appeal when the record is sufficient to allow determination of the issue." *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003) (citations omitted). In our case, Ross has provided no specifics as to how his trial counsel was ineffective. We have no record "developed precisely for the object of litigating or preserving the claim." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Thus, the exception mentioned in *Thornton* does not apply here.

The Government contends that Ross knowingly and voluntarily waived his right to appeal as part of his plea agreement. Ross points to no evidence in the record to the contrary. Yet because he alleges ineffective assistance of counsel, which might have detracted from the knowingness or voluntariness of his waiver, the waiver issue is best addressed on collateral review as well.

In this context, a *habeas corpus* petition is a more appropriate procedure for Ross to challenge his conviction and sentence. We thus affirm the judgment of the District Court. In this regard, we also grant Ross's counsel leave to withdraw.