**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 09-4042

———

UNITED STATES OF AMERICA

v.

JARROD A. ROSS,
Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 1-06-cr-00003-002)
District Judge: Honorable Sean J. McLaughlin

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2010

Before: AMBRO, CHAGARES, and VAN ANTWERPEN, Circuit Judges.

(Filed _June 7, 2010)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

Jarrod A. Ross ("Ross") appeals his sentence imposed by the United States District

Court for the Western District of Pennsylvania. Because we conclude that the District

Court's sentence was procedurally and substantively reasonable, we will affirm.

# I.

Because we write solely for the parties, we offer only a brief recitation of the facts to provide context.

On May 24, 2006, Ross pled guilty to a one-count indictment for conspiring to rob a bank in violation of 18 U.S.C. § 2113(a). The District Court imposed a sentence of twenty-one months' imprisonment to be followed by three years of supervised release.[1] Ross was released to supervision in June 2007 and, by March 2008, Ross's probation officer had filed a Petition on Supervised Release charging several release violations. Ross failed to appear at the hearing and the District Court issued a bench warrant. At a subsequent hearing, which Ross attended, the District Court revoked Ross's supervised release and imposed a sentence of six-months' imprisonment to be followed by an additional thirty months of supervised release. Ross was released in October 2008 and, by April 2009, his probation officer had filed a second Petition on Supervised Release alleging substantially similar violations of the terms of release. Ross again failed to appear for the scheduled hearing date and the District Court again issued a bench warrant.

On October 1, 2009, Ross appeared before the District Court for sentencing. The District Court heard argument from the parties and acknowledged receipt of a letter from Ross. He did not dispute that he had violated the terms of his release; instead, he

---

[1]  We affirmed Ross's original sentence in an earlier appeal. *United States v. Ross*, No. 06-4148, 2008 U.S. App. LEXIS 13243, at *2 (3d Cir. June 23, 2008).

requested a sentence at the top of the Guidelines range and below the statutory maximum based on the nature of his release violations and his personal circumstances. The court imposed a sentence of eighteen months' imprisonment with no supervised release.[2] Ross timely appealed this sentence.

## II.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231 and the authority to revoke supervised release under § 3583(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). *See United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). We review a sentence imposed for violations of supervised release for reasonableness. *See id.* If procedurally sound, we will affirm the sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

## III.

We engage in a procedural and substantive review of sentences. *See id.* at 567. Procedurally, the District Court must (1) correctly calculate the applicable Sentencing Guidelines range; (2) formally rule on the motions of both parties and state on the record

---

[2] The District Court imposed the maximum term of imprisonment permitted under 18 U.S.C. § 3583(e)(3) for Grade C violations of supervised release. The statutory maximum is two years, but because the court had already sentenced Ross to six months for his first violation of supervised release, only eighteen months remained under the maximum.

whether the court is granting a departure and how that departure affects the guidelines range; and (3) consider all of the factors under 18 U.S.C. § 3553(a)[3] and adequately explain the chosen sentence in a manner that allows for meaningful appellate review of the reasonableness of the sentence. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007); *Tomko*, 562 F.3d at 567.

Substantively, we must be satisfied that the District Court exercised its discretion by considering all of the § 3553(a) factors and we must also ascertain whether those factors were reasonably applied to the circumstances of the case.[4] *See Tomko*, 562 F.3d at 567; *Bungar*, 478 F.3d at 543. The record must demonstrate that the sentencing court gave meaningful consideration to all of the § 3553(a) factors, but the court need not make a finding for each factor if the record makes clear that the court took the factors into account in sentencing. *See United States v. Olhovsky*, 562 F.3d 530, 546, 547 (3d Cir.

---

[3]    These factors include: (1) the nature and circumstances of the offense and the defendant's history; (2) the need to reflect the seriousness of the crime, adequately deter criminal conduct, protect the public, and provide training or medical care; (3) the available sentences; (4) the established sentencing range; (5) any pertinent sentencing policies; (6) the need to avoid sentencing disparities; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)-(7).

When the sentence is imposed for violations of supervised release, § 3583(e) refines the statutory factors for consideration. *See Bungar*, 478 F.3d at 543 n.2. As such, the sentencing court may, but need not, consider the available sentences and the need for restitution. *See* 18 U.S.C. § 3583(e).

[4]    Ross bears the burden of demonstrating unreasonableness at both stages. *See Tomko*, 562 F.3d at 567. There is no presumption of reasonableness even if the sentence is within the Guidelines range. *United States v. Cooper*, 437 F.3d 324, 329-30, 331-32 (3d Cir. 2006).

2009).  Further, we will affirm if we are convinced that the final sentence, wherever it may lie within the statutory range, was premised upon appropriate and judicious consideration of the relevant factors in light of the circumstances of the case.[5] *Bungar*, 478 F.3d at 563 (citing *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)).

It is clear to us from the record that the District Court followed the procedural guidelines and gave more than meaningful consideration to the relevant § 3553(a) factors. Moreover, the court did not abuse its discretion by imposing a sentence of eighteen-months' imprisonment.  Ross takes particular issue with the court's finding that he was "not superviseable," and contends the court failed to consider his personal circumstances. He relies primarily on our decision in *Olhovsky*, 562 F.3d 530, for this latter point.

First, based on his record of repeated violations, the court did not clearly err in agreeing with the Government that Ross is "not superviseable." *See Tomko*, 562 F.3d at 567-68 (stating that sentencing court abuses its discretion if it relies on a clearly erroneous finding of fact).  Second, the court explicitly acknowledged that it read and reflected on Ross's letter, which laid out the personal circumstances he contends the court failed to consider.  *See also Bungar*, 478 F.3d at 546 ("[A] district court's failure to give mitigating factors the weight a defendant contends they deserve [does not] render[] the sentence unreasonable.").

---

[5]   Ross has appealed only the procedural and substantive reasonableness of his sentence.  Therefore, we will focus exclusively on those elements.  *See Olhovsky*, 562 F.3d at 546-47.

Finally, our decision in *Olhovsky* does not compel a different result in this case because a thorough review of the record reveals the District Court performed the requisite consideration of the sentencing factors and does not suggest the court ignored or over-emphasized any factors. *See Olhovsky*, 562 F.3d at 547. Moreover, we do not read the sentencing transcript to reveal "that the district court was so appalled by the offense that it lost sight of the offender." *See id.* at 549. Rather, if anything, the District Court was appalled by Ross's history of violations and refusal to comply with the terms of his supervised release, as well as his repeated breaches of the court's trust. *See United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006) ("[T]he theory behind sanctioning violations of supervised release is to sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." (quotations omitted)). In this instance, we are satisfied that the District Court focused on the individual offender rather than just the offense. *See Olhovsky*, 562 F.3d at 549.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.